TIMOTHY T. HUBER (99800)
LAW OFFICES OF TIMOTHY T. HUBER
4364 Town Center Blvd Suite 218
El Dorado Hills, CA 95762
Tel.:916.358.8830
Fax: 16-404-5705
timothyhuber@sbcglobal.net

Attorneys for Plaintiff
STACEY SABOL-KRUTZ

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STACEY SABOL-KRUTZ<br><br>PLAINTIFF,<br><br>VS.<br><br>QUAD ELECTRONICS, INC. D/B/A CABLCON,<br><br>A MICHIGAN CORPORATION,<br><br>DEFENDANT. | CASE NO.:<br><br>**COMPLAINT AND JURY DEMAND** |

## COMPLAINT

NOW COMES STACEY SABOL-KRUTZ, through her attorney THE LAW OFFICES OF TIMOTHY T. HUBER , by TIMOTHY T. HUBER, and states as follows in her Complaint:

1. Plaintiff STACEY SABOL-KRUTZ is a single woman residing in El Dorado County, California.

2. Defendant Quad Electronics, Inc. d/b/a Cablcon is a Michigan corporation residing in Oakland County, Michigan, and, upon information and belief, does business in El Dorado County, California.

3. Jurisdiction is appropriate in this Honorable Court pursuant to 28 USC 1332 in that the amount in controversy exceeds Seventy Five Thousand Dollars ($75,000.00) exclusive of interest and costs and is between citizens of different states.
4. Venue is proper in this jurisdiction pursuant to 28 USC 1391(b)(2), in that a substantial part of the events or omissions giving rise to the claim occurred in this venue.

COMMON ALLEGATIONS

5. Plaintiff repeats, realleges, and incorporates by reference the allegations contained in paragraphs 1 through 4 of this Complaint as though fully set forth herein.
6. That on or about December 6, 2007, Plaintiff began employment with Defendant in her capacity as a sales representative.
7. That solely at Defendants bequest, sometime in July 2011, Plaintiff moved to California to essentially run Defendant’s West coast operations.
8. That a substantial part of the events giving rise to Plaintiff’s damages occurred while Plaintiff was operating Defendant’s West coast operations in California.
9. That as a prerequisite to Plaintiff’s employment with Defendant, Defendant demanded that Plaintiff execute a Confidentiality and Non-Compete Agreement. Exhibit A.
10. That Plaintiff did sign said Confidentiality and Non-Compete Agreement.
11. That Plaintiff continued said employment until August 20, 2014 at which time Defendant wrongfully terminated Plaintiff’s employment.
12. That as a result of Defendant’s wrongful termination of Plaintiff’s employment, Plaintiff sought employment with several companies, one of which was Great Lakes Wire and Cable which maintains offices in other states including Michigan.

13. That on January 15, 2015, Counsel for Plaintiff received correspondence on behalf of Defendant calling for a cease and desist from any employment with Great Lakes Wire and Cable whatsoever.

14. That Plaintiff's employment does not interfere or compete with the Defendant in any way.

COUNT I – DECLARATORY RELIEF

15. Plaintiff repeats, realleges, and incorporates by reference the allegations contained in paragraphs 1 through 14 of this Complaint as though fully set forth herein.

16. As set forth above, Defendant seeks to preclude Plaintiff's employment with Great Lakes Wire and Cable.

17. That as set forth above, Plaintiff's employment with Great Lakes Wire and Cable does not interfere or compete with Defendant in any way.

18. That moreover, California law precludes the enforcement of said Confidentiality and Non-Compete Agreement as *inter alia* contrary to California law and public policy.

19. That said Confidentiality and Non-Compete Agreement is also unduly restrictive, broad, over-encompassing, and seeks to preclude Plaintiff from seeking gainful employment.

20. That an actual controversy exists between Plaintiff and Defendant, and it is within the jurisdiction of this Honorable Court to render a declaratory judgment as to Plaintiff's rights to nullify said Confidentiality and Non-Compete Agreement and allow Plaintiff the ability to seek and maintain gainful employment.

WHEREFORE Plaintiff respectfully requests that this Honorable Court enter declaratory judgment in her favor declaring that the Confidentiality and Non-Compete Agreement is null and

void and of no effect, along with Plaintiff's costs and attorney fees wrongfully incurred in this action.

COUNT II – BREACH OF CONTRACT

21. Plaintiff repeats, realleges, and incorporates by reference the allegations contained in paragraphs 1 through 20 of this Complaint as though fully set forth herein.
22. That as set forth above on or about December 26, 2007 Plaintiff began employment with Defendant as a sales representative operating throughout the country.
23. That Plaintiff was wrongfully terminated on August 20, 2014 by Defendant.
24. That notwithstanding said termination, Plaintiff is owed compensation well in excess of Seventy-Five Thousand Dollars ($75,000.00) for her services rendered and for procurement of various accounts.
25. That Defendant has a duty and is obligated to pay Plaintiff these monies pursuant to Plaintiff's employment agreement with Defendant.
26. That Defendant has breached and wrongfully failed to pay Plaintiff these monies.
27. That Defendant's actions constitute a breach of the agreement of the parties.
28. That as a direct and proximate result of Defendant's actions and/or the actions of Defendant's agents and representatives, Plaintiff has suffered damages in an amount to be determined at trial well in excess of Seventy Five Thousand Dollars ($75,000.00) exclusive of interest and costs.

WHEREFORE Plaintiff respectfully requests that this Honorable Court enter a judgment in her favor for whatever amount Plaintiff is determined to be entitled to in excess of Seventy Five Thousand Dollars ($75,000.00), along with Plaintiff's costs and attorney fees wrongfully incurred in this action.

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil procedure, Plaintiff demands a jury trial in this action of all issues so triable.

Respectfully submitted,

Timothy T. Huber
Attorney for Plaintiff